IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHELBY LUMAN, *et al*                                                                       PLAINTIFFS

v.                                    Civil No. 6:18-cv-06113

FCA US LLC, *et al.*                                                                          DEFENDANT

v.

KIMBRO STEPHENS                                                                         RESPONDENT

## ORDER

Pending now before the Court is Defendant FCA US LLC's ("FCA") Motion to Compel Discovery Directed Against Non-Party (ECF No. 21) and Respondent, Kimbro Stephens' ("Stephens") Motion to Quash and for Protective Order. ECF No 23. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court. After considering this Motion and arguments of counsel, the Court finds as follow**:**

**I.    Background:**

This lawsuit involves a fire loss to several homes in Hot Springs, Arkansas. ECF No. 4. During the course of the litigation, Defendant FCA became aware of a video recording of the scene at the time of the fire occurrence which was in the possession of Respondent Stephens. ECF No. 22. Apparently Stephens was a neighbor to the homes involved in this matter and he had a surveillance camera which recorded the scene at the time of the occurrence which is the subject of this lawsuit. *Id.*

On or about June 24, 2019, FCA served a subpoena duces tecum upon Stephens to obtain a copy of the video for use in this matter. ECF No. 21-1. The subpoena directed production of the video surveillance footage by July 10, 2019. *Id.* Stephens did not object to the subpoena or seek to

quash the subpoena prior to the return date of the subpoena.

On July 19, 2019, Stephens sent an email to counsel for FCA stating he would release the video footage, but would only do so if FCA agreed to a non-exclusive license and a fee of $2500.00 be paid by FCA. ECF No. 21-2. Stephens further requested that if he were called as a witness or required to give his opinion or testimony on the matter, he would be paid a fee of $300.00 per hour. *Id.*

On July 22, 2019, FCA filed their Motion to Compel seeking production of the surveillance video. ECF No. 21. On July 29, 2019, Stephens responded to this Motion and filed a Motion for Protective Order claiming the video in his possession was copyrighted and his objections to the subpoena were timely. ECF Nos. 23, 25.

## II.     Discussion:

In their Motion to Compel, FCA argues Stephens has waived any objections to production of the video in question based on his failure to object. ECF No. 21. Rule 45 of the Federal Rules of Civil Procedure governs the issuance and service of subpoenas and the protection of persons subject to subpoenas. Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure:

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense

resulting from compliance.

There is no argument that Stephens did not serve written objections to the production of the requested video within 14 days after the subpoena was served.

The non-party's second option, under Rule 45(d)(3), is to file a motion to modify or quash the subpoena as a means of asserting its objections to the subpoena. Unlike serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14 day requirement. Instead, the rule provides simply that the motion to quash must be "timely." Fed. R. Civ. P. 45(d)(3)(A).

While 'timely' is not defined in the rule nor elaborated upon in the advisory committees notes, courts have read 'timely' to mean within the time set in the subpoena for compliance. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); see also *Estate of Ungar v. Palestinian Authority*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.").

In this case, FCA served the subject subpoena on June 24, 2019. The return date provided in the subpoena for production of the requested video was July 10, 2019. Stephens did not file his Motion for Protective Order until July 29, 2019. ECF No. 23. As such, this Motion was not timely made.[1]

### III. Conclusion:

Based on the foregoing, Defendant FCA's Motion to Compel Discovery Directed Against Non-Party (ECF No. 21) is **GRANTED** and Respondent Stephens shall produce the requested video

---

[1] Having found Stephens failed to properly object to the subpoena and having failed to timely file a motion under Rule 45(d)(3), the court declines to address Stephens' argument that his video is somehow entitled to copyright protection as argued in his Motion and Response.

surveillance footage as set forth in the subpoena (ECF No. 21-1) no later than August 9, 2019. The Court declines to award any costs or fees to Defendant FCA.

Also, based on the forgoing, Respondent, Stephens' Motion to Quash and for Protective Order (ECF No 23) is **DENIED.**

**ENTERED this 30th day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE